UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRAEMAR HOTELS & RESORTS INC., <br><br> Plaintiff, <br><br> -against- <br><br> BLACKWELLS CAPITAL LLC, BLACKWELLS ONSHORE I, LLC, BLACKWELLS HOLDING CO. LLC, VANDEWATER CAPITAL HOLDINGS, LLC, BLACKWELLS ASSET MANAGEMENT LLC, BW COINVEST MANAGEMENT I LLC, JASON AINTABI, MICHAEL CRICENTI, JENNIFER M. HILL, BETSY L. MCCOY, AND STEVEN J. PULLY, <br><br> Defendants. | Civil Action No. 3:24-cv-707-L |

## MOTION FOR EXPEDITED DISCOVERY AND EXPEDITED BRIEFING SCHEDULE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Braemar Hotels & Resorts Inc. ("Braemar" or the "Company") respectfully submits this Motion for Expedited Discovery and Expedited Briefing Schedule (the "Motion") and Memorandum of Law in Support Thereof against Defendants Blackwells Capital LLC ("Blackwells"), Blackwells Onshore I, LLC, Blackwells Holding Co. LLC, Vandewater Capital Holdings, LLC, Blackwells Asset Management LLC, BW Coinvest Management I LLC, and Jason Aintabi ("Aintabi," and collectively, the "Blackwells Defendants") and Michael Cricenti, Jennifer M. Hill, Betsy L. McCoy, and Steven J. Pully (collectively, the "Purported Nominees," and together with the Blackwells Defendants, "Defendants").

## I. INTRODUCTION

Defendants stand on the brink of commencing a solicitation of Braemar's stockholders based on materially false and misleading information, including by falsely suggesting that the Purported Nominees are eligible to stand for election at the Company's 2024 Annual Meeting, and the material misstatement that Blackwells (which only recently made a bid to acquire 100% of the Company) has "withdrawn" any interest in an acquisition. Unless enjoined, Defendants' solicitation will violate Section 14(a) of the Securities Exchange Act of 1934 and the rules and regulations thereunder, and cause irreparable harm to the Company, its stockholders, and the integrity of the stockholder vote at the 2024 Annual Meeting. To prevent this outcome, on March 24, 2024, Braemar filed a motion for preliminary injunction in this action seeking to preliminarily enjoin Defendants' solicitation pending the Court's final resolution of this matter.

To avoid needless confusion and harm to the stockholder franchise, it is essential that Braemar's motion for a preliminary injunction be decided as soon as possible so that Braemar and its stockholders may have clarity on these matters sufficiently in advance of its 2024 Annual Meeting, currently scheduled for May 15, 2024. Defendants have already displayed their unequivocal intent to solicit Braemar stockholders, filing a materially misleading preliminary proxy statement with the SEC on March 22, 2024. Accordingly, Braemar respectfully moves the Court to permit it to take expedited discovery regarding its request for injunctive relief, including allowing Braemar to serve fourteen (14) narrowly-tailored requests for production and to take up to five (5) depositions, including of Blackwells' principal, Defendant Jason Aintabi. Further, Braemar respectfully requests that the Court enter the schedule for expedited discovery and briefing in this matter as proposed below. Finally, Braemar respectfully requests that the Court order Defendants to respond to this motion by April 2, 2024 at 5:00 p.m. CST, and permit Braemar to file a reply to Defendants' response, if any, on April 4, 2024 at 12:00 p.m. CST.

## II.    BACKGROUND

As discussed more fully in Braemar's memorandum of law in support of its preliminary injunction motion (Doc. 4-1), Blackwells, a New York hedge fund run by Jason Aintabi, began a targeted campaign directed at Braemar late last year, including sending a demand letter and threatening litigation. On December 1, 2023, Blackwells sent a letter to the Company's Board proposing to acquire 100% of the outstanding equity interests for $4.50 per share. Thereafter, Blackwells resisted requests from the Board to provide additional information concerning its proposal—in particular, information with respect to whether Blackwells had the financial resources (or financing with respect thereto) to actually consummate its proposed acquisition. Blackwells nevertheless requested a questionnaire required to nominate director candidates, and, on March 10, 2024, delivered a notice (the "Nomination Notice") purporting to nominate four individuals, the Purported Nominees, to stand for election to the Board at the 2024 Annual Meeting.

As described in Braemar's memorandum of law, the Nomination Notice failed to comply with advance notice requirements contained in the Company's Fifth Amended and Restated Bylaws, as amended (the "Bylaws"). Notably, the Nomination Notice asserted that Blackwells had "withdrawn" any interest in an acquisition of the Company or any similar transaction, despite abundant evidence—including a March 2024 investor presentation entirely premised on taking Braemar "private"—that its interest was alive and well, and in fact the driving motivation for its proxy campaign. Blackwells' failure to disclose its designs ran afoul of multiple Bylaw provisions, including those requiring disclosure of understandings with respect to "any future transactions" or any "substantial interest" of the stockholder in the Company. The Nomination Notice contains additional defects, including repeated failures to disclose information required of "Stockholder Associated Persons," such as purported sources of financing with whom Blackwells has acted in

concert in connection with its acquisition proposal. As a consequence of these violations, pursuant to the Bylaws, Blackwells' Nomination Notice is invalid and its Purported Nominees are ineligible to stand for election. Based on Blackwells' violations, and in an exercise of its business judgment, the Board has rejected the Nomination Notice. On March 24, 2024, the Company, through counsel, notified Blackwells of the Board's decision and requested that Blackwells immediately cease and desist any attempts to solicit proxies in support of the Purported Nominees or any other business proposals set forth in the Notice.

Nevertheless, Defendants intend to imminently solicit proxies from Braemar's stockholders in support of their Purported Nominees, a solicitation that will violate Section 14(a) and the federal proxy rules and inject confusion and misinformation into the 2024 stockholder vote. On March 22, 2024, Defendants filed a preliminary proxy statement establishing that they intend to press forward with the solicitation. That proxy statement, moreover, is materially misleading for multiple reasons, including its failure to disclose Blackwells' interest in an acquisition, its concerted activity with third parties, the invalidity of the Nomination Notice, and the ineligibility of the Purported Nominees. To prevent irreparable harm that would result from the solicitation, on March 24, 2024, Braemar moved this Court for a preliminary injunction enjoining Defendants from soliciting proxies from Braemar's stockholders or distributing proxy materials in connection with the 2024 Annual Meeting. That motion is pending.[1]

---

[1] On March 26, 2024, days after this litigation was commenced, Blackwells' counsel emailed to Braemar's counsel a self-styled "supplement" to its Nomination Notice. Notwithstanding that the supplement was untimely, having arrived weeks after the nomination deadline, the supplement professed that "[i]n the process of preparing the Nomination Notice, the date listed on the first page of the presentation . . . was inadvertently changed from 'December 2023' to 'March 2024.'" Further, the "corrected" version of the cover page to the version of the presentation attached to the supplement, unlike the version attached to the Nomination Notice, bore the title "Project Tiger." In addition, the supplement disclosed for the first time that Defendant McCoy filed for bankruptcy in 2004, claiming the reason for the omission in the Nomination Notice was that McCoy "misread"

## ARGUMENT & AUTHORITIES

"[U]pon a showing of good cause the court may order expedited discovery." *Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450*, No. H-13–0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013); *see also Digit. Generation, Inc. v. Boring*, No. 3:12-cv-0329, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012); Fed. R. Civ. P. 26(d)(1). "Good cause exists 'where the need for expedited discovery, in consideration of the administrative of justice, outweighs the prejudice to the responding party.'" *Turner Indus.*, 2013 WL 2147515, at *3 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). An order for expedited discovery is particularly appropriate where, as here, discovery will aid the Court in evaluating a request for preliminary injunction. *See Tracfone Wireless, Inc. v. Wazir-Ali*, No. H-09-0641, 2008 WL 10901781, at *1 (S.D. Tex. Mar. 17, 2008); *Providence Prop. & Cas. Ins. Co. v. Peoplease Corp.*, No. 4:06CV285, 2007 WL 2241492, at *2 (E.D. Tex. Aug. 3, 2007). Further, the Court has inherent authority to modify and establish the schedule for briefing and consideration of matters pending before it. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir.1995).

Braemar easily satisfies the "good cause" standard applicable in this Circuit. *See, e.g.*, *Digit. Generation,* 2012 WL 12872463, at *2; *Tracfone Wireless*, 2008 WL 10901781, at *1. The good cause standard is based upon reasonableness. *St. Louis Grp.*, 275 F.R.D. at 239-40. In determining whether good cause exists, courts commonly consider: (i) whether a motion for preliminary injunction is pending; (ii) the specificity and scope of the discovery requests; (iii) the purpose of the expedited discovery; (iv) the burden on defendant of the requested discovery; and

---

Question 14(b) of the questionnaire. All in all, these belated attempted amendments to the Nomination Notice and its contents raise even more questions and heighten the need for expedited discovery to aid the Court in resolving Braemar's preliminary injunction motion.

(v) how far in advance of the typical discovery process the request was made. *Digit. Generation,* 2012 WL 12872463, at *2 (citing *St. Louis Grp.,* 275 F.R.D. at 239 n.4). While courts often consider these five enumerated factors, they are not exclusive; rather, courts "must examine the discovery request 'on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *St. Louis Grp.,* 275 F.R.D. at 239 (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (emphasis in original)). Thus, individual consideration of each factor is not mandated, *see, e.g., id.*; *Tracfone Wireless*, 2008 WL 10901781, at *1, although each is met here.

***First***, ***Braemar is seeking a preliminary injunction in this case.*** Braemar filed its Complaint and a motion for a preliminary injunction on March 24, 2024. The purpose of the expedited discovery requested herein is to obtain and consolidate evidence that will "aid the Court in determining whether to grant" Braemar's motion, which Braemar intends to supplement with further evidentiary support at the conclusion of such discovery. *Providence Prop.*, 2007 WL 2241492, at *2; *see also Kone Corp. v. ThyssenKrupp USA, Inc.*, No. CIV.A. 11-465-LPS, 2011 WL 4478477, at *7 (D. Del. Sept. 26, 2011) ("[E]xpedited discovery is particularly appropriate where that discovery would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." (citations omitted)).

***Second, Braemar's proposed discovery is narrowly tailored and reasonable.*** Braemar has proposed targeted discovery that does not impose an undue burden on the Defendants and is reasonable under the circumstances, including by limiting this proposed discovery to 14 requests for document production and 5 depositions. It is essential that Braemar be permitted to take depositions of at least Aintabi, and others to be identified through discovery as acting on behalf of or in concert with the Blackwells Defendants, to further develop the necessary factual record in

support of its pending motion for a preliminary injunction. Here, discovery on an expedited basis is especially important and provides tremendous value so that the preliminary injunction motion may be decided before the 2024 Annual Meeting, currently scheduled for May 15, 2024. Braemar also requires this discovery because Defendants will almost certainly provide declarations from Aintabi, other representatives of the Blackwells Defendants, and/or the Purported Nominees in response to Braemar's preliminary injunction motion.

Similarly, Braemar's document requests are narrowly tailored towards obtaining evidentiary support for its pending motion for preliminary injunction; in particular, these requests seek information for only a limited time period, based on Blackwells' launch of a targeted campaign against Braemar in fall 2023, and pertain only to subject matters directly at issue in the preliminary injunction motion, including whether Blackwells provided complete and accurate information in its Nomination Notice in accordance with the Company's Bylaws. It is well-settled that if, as here, discovery is "narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted." *Sawhorse Enters., Inc. v. Church & Dwight Co.*, No. CIV.A. 12-6811 (FLW), 2013 WL 1343608, at *4 (D.N.J. Apr. 3, 2013).

**Third, Braemar has a legitimate purpose in seeking the requested discovery.** Here, Braemar seeks expedited discovery to ensure speedy resolution of a motion to preliminarily enjoin a proxy solicitation that would inject materially false and misleading information into the stockholder vote at the 2024 Annual Meeting. It is well recognized that that the threat of an uninformed stockholder vote constitutes irreparable harm, *see, e.g.*, *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 384 (1970), and courts routinely order expedition in such situations to prevent it. *See, e.g.*, *Nichting v. DPL Inc.*, Case No. 3:11-CV-141, 2011 WL 2892945, at *4 (S.D. Ohio July 15, 2011) (ordering expedited discovery because irreparable injury may be suffered if a

stockholder's voting decision was based on inadequate information); *Ashford Hospitality Trust, Inc. v. Cygnus Capital, Inc.*, No. 3:21-cv-00125-M, 2021 WL 3631142, at *5 (N.D. Tex. Feb. 18, 2021) (similar).

Additionally, a key evidentiary question in resolving Braemar's motion for preliminary injunction is whether Blackwells provided complete and accurate information in its Nomination Notice, including with respect to its interest in a potential acquisition of the Company. Defendants have unique knowledge regarding the relevant facts, including their own intentions for Braemar; past, present, and contemplated actions they have taken in furtherance of those aims; and communications with each other and third parties regarding these matters. Expedited discovery would help level the playing field and permit Braemar to learn about Defendants' actions and plans first-hand. *See, e.g.*, *Tri Cnty. Wholesale Distribs., Inc. v. Labatt USA Operating Co.*, No. 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013) ("Because such facts are uniquely within Defendant's knowledge, the Court finds expedited discovery appropriate in this case.").

***Fourth, Braemar's discovery requests are not overly burdensome.*** Braemar's proposed discovery is tailored to address the issues that it has raised in its request for relief concerning Blackwells' noncompliance with the Company's Bylaws and Defendants' impending solicitation pursuant to the federal proxy rules. To minimize the burden on Defendants, Braemar has limited its proposed discovery to 14 narrowly-tailored requests for document production, covering a limited timeframe, and 5 depositions. Braemar expects that the duration of the depositions will be limited to seven hours each, in compliance with Fed. R Civ. P. 30(d)(1).

***Fifth***, ***Braemar's expedited discovery will occur reasonably in advance of ordinary discovery.*** The expedited discovery and associated briefing schedule that Braemar proposes will take place over approximately five weeks and is not unduly compressed given the impending

Annual Meeting. Courts have recognized that a preliminary injunction is one context in which such discovery must take place before the formality of the Rule 26(f) conference. *See Tracfone Wireless*, 2008 WL 10901781, at *1; *Providence Prop.*, 2007 WL 2241492, at *2. Further, because such discovery can take place only with the Court's permission, there are clear limits on the extent of such discovery. Braemar's Motion seeks to respect those restraints.

In light of the circumstances, Braemar has established good cause for expedited discovery. Defendants are sophisticated parties and are represented by competent counsel. Defendants are well-equipped to respond to 14 requests for production and present 5 witnesses for deposition over a matter of weeks on a limited set of topics. Thus, the Court should grant the Motion.

Accordingly, Braemar respectfully requests that the Court permit it to take limited discovery for the above purposes on an expedited schedule, including by serving 14 narrowly tailored requests for production substantially similar to those attached to this Motion as **Exhibit A** and by taking 5 depositions. In light of the irreparable harm posed to Braemar and its stockholders by proceeding with Defendants' invalid and misleading proxy solicitation, Braemar respectfully submits that the scope of this discovery is reasonable and can be accomplished without undue burden within the expedited time period set forth below. Braemar respectfully requests that the Court enter an order governing the deadlines in this matter as follows:

**Discovery Schedule:**

April 5, 2024:   Deadline to Serve Document Requests

April 9, 2024:   Responses and Objections Due

April 9, 2024:   Deadline to Serve Third-Party Discovery

April 9, 2024:   Deadline to Finalize an Agreed Protective Order

April 10, 2024:  Begin Production of Documents on Rolling Basis

April 16, 2024:   Substantial Completion of Document Production

April 23, 2024:   Completion of Depositions

**Preliminary Injunction Briefing Schedule:**

April 26, 2024:   Defendants' Response Brief Due, with Supporting Evidence

May 3, 2024:     Braemar's Reply Brief Due, with Supporting Evidence

The above schedule provides sufficient time for discovery and consideration of Braemar's request for injunctive relief in advance of the Company's forthcoming Annual Meeting, currently scheduled for May 15, 2024.  Further, given the timing of the schedule set forth above, Braemar respectfully requests that the Court also consider this Motion and the relief requested on an expedited basis.  In that regard, Braemar requests that the Court order Defendants to respond to this Motion by April 2, 2024 at 5:00 p.m. CST, and permit Braemar to submit a reply by April 4, 2024 at 12:00 p.m. CST.

### III.   CONCLUSION

Braemar respectfully requests that the Court: (i) permit expedited discovery with respect to its pending motion for preliminary injunction and allow Braemar to serve 14 requests for production on Defendants and take 5 depositions; (ii) order an alternative schedule to govern the expedited discovery and briefing in this matter as set forth above; (iii) order Defendants to respond to this Motion by April 2, 2024 at 5:00 p.m. CST and permit Braemar to file a reply to Defendants' response on April 4, 2024 at 12:00 p.m. CST; and (iv) grant Braemar such other and further relief to which it may be justly entitled.

Dated: March 28, 2024                                     Respectfully submitted,

| | |
|---|---|
| CADWALADER WICKERSHAM & TAFT LLP, Of Counsel | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Adam K. Magid (Admitted *Pro Hac Vice*)<br>New York Bar No. 4652202<br>Samuel G. Mann (Admitted *Pro Hac Vice*)<br>New York Bar No. 5233036<br>Sanders Keyes Gilmer (Admitted *Pro Hac Vice*)<br>D.C. Bar No. 90019265<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 406-6666<br>Email: adam.magid@cwt.com<br>         samuel.mann@cwt.com<br>         keyes.gilmer@cwt.com | */s/M. Scott Barnard*<br>M. Scott Barnard<br>Texas Bar No. 24001690<br>2300 N. Field Street<br>Ste. 1800<br>Dallas, TX 75201<br>Telephone: (214) 969-4299<br>Facsimile: (214) 969-4343<br>Email: sbarnard@akingump.com<br><br>**ATTORNEYS FOR PLAINTIFF** |

-12-

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), the undersigned certifies that counsel for Plaintiff conferred with counsel for Defendants on March 28, 2024, regarding the above captioned motion. Counsel for Defendants indicated that Defendants oppose this motion and expedited briefing schedule.

*/s/M. Scott Barnard*_____
M. Scott Barnard

## CERTIFICATE OF SERVICE

Undersigned counsel certified that on March 28, 2024, a true and correct copy of the foregoing motion was filed via the Court's ECF filing system and provided by email to counsel for Defendants.

Counsel for Defendants:

Robert Ritchie
rritchie@velaw.com
(212) 220-7823

Chris Duffy
cduffy@velaw.com
(212) 237-0172

Virginia DeBeer
vdebeer@velaw.com
(214) 220-7873

                                              */s/M. Scott Barnard*_____
                                              M. Scott Barnard