IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRAEMAR HOTELS & RESORTS, INC.,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-707-L** |
| **BLACKWELLS CAPITAL, LLC; BLACKWELLS ONSHORE I, LLC; BLACKWELLS HOLDING, CO., LLC; VANDEWATER CAPITAL HOLDINGS, LLC; BLACKWELLS ASSET MANAGEMENT, LLC; BW COINVEST MANAGEMENT I, LLC; JASON AINTABI; MICHAEL CRICENTI; JENNIFER M. HILL; BETSY L. MCCOY; and STEVEN J. PULLY,** | § § § § § § § § § § § § | (Consolidated with 3:24-CV-894-L) |
| Defendants, | § § | |
| v. | § § | |
| **BRAEMAR HOTELS & RESORTS, INC.; MONTGOMERY BENNETT; RICHARD J. STOCKTON; KENNETH H. FEARN, JR.; ABTEEN VAZIRI; MARY CANDACE EVANS; MATTHEW RINALDI; REBECCA ODINO-JOHNSON, and STEFANI CARTER,** | § § § § § § § § § § § | |
| Counter & Third Party Defendants. | § § | |

# **ORDER**

Before the court is the parties' Joint Status Report (Doc. 47), filed June 25, 2024. The parties advise that, while this action was stayed, they engaged in multiple rounds of settlement discussions in an effort to settle their disputes, but they were unable to reach agreement or a resolution of their dispute. Plaintiff, therefore, proposes the schedule below for the parties to

Order – Page 1

amend, supplement, and file motions, pleadings, and briefs in light of the multiple events that have occurred since the court stayed this action on April 18, 2024. According to Plaintiff, its request to amend its pleadings pursuant to Federal Rule of Civil Procedure 15(a) and the schedule it proposes will "ensure a clear and orderly procedure that will minimize unnecessary burdens of the Parties and the most efficient use of the Court's time and resources." Jt. Status Report. ¶ 14.

| *Plaintiff's Proposed* Event | *Plaintiff's Proposed* Deadline |
|---|---|
| Plaintiff Braemar to File Amended or Supplemental Complaint | July 31, 2024 |
| Plaintiff Braemar to File Supplemental Brief in Support of Its Motion for Preliminary Injunction | August 7, 2024 |
| Defendants to File Supplemental Response to Plaintiff's Motion for Preliminary Injunction | September 6, 2024 |
| Defendants to Answer Plaintiff's Amended or Supplemental Complaint | September 12, 2024 |
| Defendants to Assert All Claims They Wish to Assert in This Action | September 12, 2024 |
| Plaintiff Braemar to File Its Reply in Support of Its Motion for Preliminary Injunction | October 4, 2024 |
| Counter and Third-Party Defendants to Answer or Respond to Defendants' Counterclaims and Third-Party Claims | October 14, 2024 |

Jt. Status Report ¶ 14.

According to the Joint Status Report, Defendants "have declined to agree to [Plaintiff] Braemar's proposed framework, instead proposing to nullify Plaintiff's first-filed Complaint and render Blackwells' 'Counterclaims and Third Party Claims' (ECF No. 44) as the operative complaint in this Action." Jt. Status Report ¶ 16.

The action filed by Braemar Hotels & Resorts, Inc.—Civil Action No. 3:24-CV-707-L—was commenced before the Blackwell Defendants filed Civil Action No. 3:24-CV-894-L. Thus, in consolidating the two actions, the court appropriately designated the earlier-filed Civil Action No. 3:24-CV-707-L as the lead action with Braemar Hotels & Resorts, Inc. as the Plaintiff, and

the court sees no valid reason to change the status of the parties at this juncture. Thus, any request by Defendants in this regard is **denied.**

Plaintiff's request to amend its pleadings is **granted**, as it has not previously amended its pleadings, no scheduling order has been entered, and the consolidation of the two action necessitates the filing of an amended consolidated complaint to ensure that this action proceeds in an orderly fashion. In the court's experience, however, supplementation of existing motions and pleadings often leads to unnecessary and confusing piece-meal litigation that does not assist the court, and, therefore, no supplementations will be permitted. Moreover, the stated urgency for Plaintiff's Motion for Preliminary Injunction and related Motion to Expedite Discovery—the March 2024 Annual Meeting—no longer exists. The court, therefore, **denies as moot** Plaintiff's Motion for Preliminary Injunction and related Motion to Expedite Discovery (Docs. 4, 14). Further, the court **lifts the stay** and **grants in part** Plaintiff's request for a schedule to govern the filing of various pleadings, motions, and briefs by the parties and **sets** the following deadlines:

| Event | Court-Ordered Deadline |
| --- | --- |
| Plaintiff's deadline to file an Amended Consolidated Complaint that sets forth all of its claims against all Defendants in this consolidated action | **July 31, 2024** |
| Plaintiff's deadline to file an Amended Motion for Preliminary Injunction | **August 7, 2024** |
| Defendants' deadline to respond to Plaintiff's Amended Motion for Preliminary Injunction | **September 6, 2024** |
| Defendants' deadline to file an Answer or otherwise respond to Plaintiff's Amended Consolidated Complaint and assert any counterclaims and third-party claims Defendants' may have | **September 12, 2024** |
| Plaintiff's deadline to file a Reply in Support of its Amended Motion for Preliminary Injunction | **October 4, 2024** |
| Counter and Third Party Defendants' Deadline to file an Answer or otherwise respond to Defendants' Counterclaims and Third-Party Claims | **October 14, 2024** |

**Order – Page 3**

*Failure of the parties to comply with the foregoing pleading deadlines may result in the dismissal without prejudice of their respective claims and defenses pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. The court does not condone last-minute motions or requests for extension of deadlines that could have been reasonably anticipated in advance. Thus, motions to extend these deadlines must be filed sufficiently in advance of the deadlines to allow for briefing on the motion, as necessary, and for the court to rule on the motion in the ordinary course of business rather than an emergency or expedited basis. All motions, including those for extension of these deadlines, must also comply with this district's Local Civil Rules for motion practice, including those that deal with certificates of conference, certificates of service, table of contents, page limitations, and appendices. Failure to adhere to these requirements will result in the noncompliant motion be denied without further notice.*

Finally, as Plaintiff will be filing an Amended Consolidated Complaint, the court also **denies as moot** Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 40).

**It is so ordered** this 26th day of June, 2024.

Sam A. Lindsay
United States District Judge